J-S70003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARNELL BASON | |
| Appellant | No. 344 EDA 2013 |

Appeal from the Judgment of Sentence January 9, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006896-2010,
CP-51-CR-0006898-2010, CP-51-CR-0006947-2010

BEFORE: LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED DECEMBER 11, 2014**

Darnell Bason appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County. After our review, we affirm Bason's convictions based on the opinion and supplemental opinion filed by the Honorable Charles J. Cunningham, III, and we vacate the judgment of sentence and remand for resentencing.

Bason committed two gunpoint robberies on April 29, 2010. Following trial *in absentia* on September 14, 2012, a jury convicted Bason of robbery,[1] robbery of a motor vehicle,[2] possessing an instrument of crime,[3] escape,[4]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 3702.
*(Footnote Continued Next Page)*

and two counts of criminal conspiracy.[5]  On January 9, 2013, the court sentenced Bason to consecutive terms of imprisonment of five to ten years on the robbery conviction, five to ten years on the robbery of a motor vehicle conviction, and one to five years on each of the conspiracy convictions, for a total of 13 to 32 years.  The court imposed the mandatory minimum sentence for the robbery conviction and the robbery of a motor vehicle conviction pursuant to 42 Pa.C.S. § 9712.[6]

_(Footnote Continued)_ ───────────────

[3] 18 Pa.C.S. § 907.

[4] 18 Pa.C.S. § 5121.

[5] 18 Pa.C.S. § 903.

[6] Section 9712 provides in relevant part:

> **(a)** **Mandatory sentence.** – Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or replica of a firearm, whether or not the firearm or replica was loaded or function, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.  Such persons shall not be eligible for parole, probation, work release or furlough.

> **(b)** **Proof at sentencing.** – Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but

_(Footnote Continued Next Page)_

Bason filed a notice of appeal, and the trial court ordered Bason to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Bason filed a timely statement on February 21, 2013. Thereafter, Bason filed a petition for extension of time to file a supplemental statement of errors complained of on appeal after the notes of testimony were transcribed. The trial court denied this petition on March 13, 2013. The trial court filed its opinion on November 20, 2013, and thereafter filed a supplemental opinion on May 22, 2014.

We incorporate by reference the trial court's summary of the factual and procedural history of this case. *See* Trial Court Opinions, 11/20/13, at 3-6; 5/22/14, at 2-4.

On appeal, Bason raises the following issues for our review:

1. Did the lower court err in denying appellant's motion to suppress physical evidence where the recovery of the wallet and the gun occurred after the police initiated a stop of appellant in the absence of either reasonable suspicion or probable cause as the description provided of the suspects was overwhelmingly vague, and the gun recovered by police was a product of forced abandonment where the illegal stop

_(Footnote Continued)_ _____

> reasonable notice of the commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

and detention of appellant unlawfully provoked appellant's flight?

2. Did the lower court err in denying appellant's motion to suppress complainant Edward Burse's out-of-court and in-court identification where the circumstances of Burse's identification were unduly suggestive as he was able to hear information about the perpetrator conveyed over police radio and he identified appellant only after appellant was joined with another male previously identified by Burse, and the in-court identification did not have an independent origin sufficient to purge the primary taint of the out-of-court identification?

3. Did the lower court err in denying appellant's motion to suppress complainant Steven Evans' out-of-court and in-court identifications where his initial identification of appellant from a photo array was the fruit of the illegal stop and seizure of appellant in the absence of either reasonable suspicion or probable cause, and the in-court identification did not have an independent origin sufficient to purge the primary taint of the of the out-of-court identification?

4. Should the mandatory minimum sentencing statute, 42 Pa.C.S. § 9712 [Sentencing for offenses committed with firearms], be declared void and unenforceable, where multiple procedural provisions within the statute are facially unconstitutional pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and cannot properly be severed from the remaining statute, thereby rendering application in appellant's case of the mandatory minimum sentence of 5 to 10 years' incarceration under this statute unconstitutional?

After our review of the parties' briefs and the record on appeal, we conclude that Judge Cunningham has properly addressed Bason's first issue in his trial court opinion, *see* Trial Court Opinion, 11/20/13, at 13-15, and has properly addressed Bason's second issue in its supplemental opinion. *See* Supplemental Trial Court Opinion, 5/22/14, at 6-9. Bason's third issue, which is based on his claim that the initial stop/seizure was unlawful, has

also been properly addressed in the trial court's opinion. **See** Trial Court Opinion, 11/20/13, at 13-15. We, therefore, rely on the trial court's opinions to affirm Bason's convictions.

In his fourth issue, Bason argues that his judgment of sentence must be vacated and the case remanded for resentencing pursuant to **Alleyne v. United States**, 133 S. Ct. 2151 (2013). In **Alleyne**, the United States Supreme Court held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt.

In reliance on **Alleyne**, Bason argues that the application of a mandatory minimum sentence pursuant to section 9712 was illegal as section 9712 has been held unconstitutional. Bason did not raise this claim before the trial court, however, in **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (en banc), this Court, discussing **Alleyne**, stated that where "[a]pplication of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits[,] [such] [I]egality of sentence questions are not waivable." Because Bason's claim here falls within this "narrow class of cases . . . considered to implicate illegal sentences," we address its merits. **Watley**, 81 A.3d at 118.[7]

---

[7] We note that on June 13, 2014, our Supreme Court accepted allowance of appeal on the issue of whether **Alleyne** relates to the legality of sentence,
*(Footnote Continued Next Page)*

After our review of *Alleyne* and the recent case law on this issue, we agree with Bason that his judgment of sentence must be vacated and the case remanded for resentencing. *See Commonwealth v. Valentine*, 2014 PA Super. 220 --- A.3d ---, --- (Pa. Super. 2014) (mandatory minimum sentencing statutes unconstitutional in entirety in providing for factfinding by court rather than jury on factual predicates). *See also Commonwealth v. Newman*, ---A.3d ----, 2014 PA Super 178, 2014 WL 4088805 (filed August 20, 2014) (en banc) (entirety of mandatory minimum sentencing statute must be stricken as unconstitutional; it is for the legislature to create new mandatory minimum sentencing procedures in conformity with *Alleyne*).

Because *Alleyne* and *Newman* render section 9712 unconstitutional, we vacate the judgment of sentence and remand for resentencing without consideration of any mandatory minimum sentence as provided by section 9712.[8]

Judgment of sentence vacated. Case remanded for re-imposition of sentence consistent with this decision. Jurisdiction relinquished.

---

*(Footnote Continued)* ————————————————

stating the issue as follows: Whether a challenge to a sentence pursuant to *Alleyne v. United States*, ---U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) implicates the legality of the sentence and is therefore non-waivable. *Commonwealth v. Johnson*, --- Pa. ----, 93 A.3d 806 (2014).

[8] We note that the Commonwealth does not oppose resentencing in light of *Alleyne*. *See* Commonwealth's Brief, at 16.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2014